| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the: <br> <u>District of Delaware</u> <br><br> Case number (*If known*): _____ Chapter <u>11</u> |

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

*If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.*

| 1. | **Debtor's name** | Ruby Pipeline, L.L.C. |
|---|---|---|

| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names |
|---|---|

| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2  6  –  1  4  4  2  2  4  9 |
|---|---|---|

**4.  Debtor's address**

**Principal place of business**

<u>1001 Louisiana Street</u>
Number        Street

<u>Suite 1000</u>

<u>Houston                TX        77002</u>
City                                State    ZIP Code

<u>Harris County</u>
County

**Mailing address, if different from principal place of business**

Number        Street

P.O. Box

City                          State      ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

<u>Wyoming, Utah, Nevada, and Oregon</u>
City                          State      ZIP Code

| 5. | **Debtor's website** (URL) | n/a |
|---|---|---|

| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding  LLP) <br> ☐ Other. Specify: _____ |
|---|---|---|

Debtor    <u>Ruby Pipeline, L.L.C.</u>                   Case number (*if known*)_____
Name

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

<u>4</u>  <u>8</u>  <u>6</u>  <u>2</u>

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000. **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____ Case number _____
                                           MM / DD / YYYY

             District _____  When _____ Case number _____
                                           MM / DD / YYYY

---

Debtor      Ruby Pipeline, L.L.C.
          Name                                                  Case number (*if known*)_____

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☒ No<br><br>☐ Yes.   Debtor _____ Relationship _____<br><br>        District _____ When _____<br>                                            MM / DD / YYYY<br>           Case number, if known _____ |
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>     What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?**_____<br>           Number      Street<br><br>_____<br>City                       State     ZIP Code<br><br>**Is the property insured?**<br><br>☐ No<br>☐ Yes. Insurance agency _____<br><br>          Contact name _____<br><br>          Phone _____ |

---

### ▉ Statistical and administrative information

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br><br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14. Estimated number of creditors** | ☐ 1-49             ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99           ☐ 5,001-10,000      ☐ 50,001-100,000<br>☐ 100-199        ☐ 10,001-25,000    ☐ More than 100,000<br>☒ 200-999 |

RLF1 26997250v.8

Debtor    Ruby Pipeline, L.L.C.                                     Case number (if known)_____
                Name

### 15. Estimated assets

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☒ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

### 16. Estimated liabilities

☐ $0-$50,000              ☐ $1,000,001-$10 million        ☒ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million     ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --**  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to
$500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

X    The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this
     petition.

X    I have been authorized to file this petition on behalf of the debtor.

X    I have examined the information in this petition and have a reasonable belief that the information is true and
     correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    3/31/2022
               MM  / DD / YYYY

**✗** /s/ Will W. Brown                                      Will W. Brown
Signature of authorized representative of debtor            Printed name

Title Vice President, Commercial

**18. Signature of attorney**

**✗**  /s/ Kevin Gross                          Date    3/31/2022
Signature of attorney for debtor                        MM  / DD / YYYY

Kevin Gross
Printed name

Richards, Layton & Finger, P.A.
Firm name

920 North King Street
Number      Street

Wilmington                                   DE        19801
City                                         State     ZIP Code

(302) 651-7700                               gross@rlf.com
Contact phone                                Email address

209                      DE
Bar number               State

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 4
RLF1 26997250v.8

**RUBY PIPELINE, L.L.C.**

**RESOLUTIONS ADOPTED BY WRITTEN CONSENT**
**OF THE SOLE MEMBER AND THE BOARD OF MANAGERS OF RUBY PIPELINE,**
**L.L.C. AND THE MANAGEMENT COMMITTEE OF RUBY PIPELINE HOLDING**
**COMPANY, L.L.C.**

**March 31, 2022**

The undersigned, (i) Ruby Investment Company, L.L.C., a Delaware limited liability company (the "**Initial Member**"), being the sole member of Ruby Pipeline, L.L.C., a Delaware limited liability company (the "**Company**"), (ii) all of the members of the Board of Managers of the Company (the "**Board of Managers**") constituting the unanimous written consent of the Board of Managers, and (iii) the members of the Management Committee (the "**Management Committee**") of Ruby Pipeline Holding Company, L.L.C. ("**Ruby Holding**"), in accordance with the Delaware Limited Liability Company Act (the "**Act**"), the *Third Amended and Restated Limited Liability Company Agreement* of the Company, dated March 18, 2022 (the "**Company LLC Agreement**"), and the *First Amended and Restated Limited Liability Company Agreement* of Ruby Holding, dated as of August 13, 2009 ( as amended, from time to time) (the "**Ruby Holding LLC Agreement**"), hereby consent to taking the following actions and adopting the following resolutions and taking the actions contemplated thereby, which resolutions shall be deemed to be adopted as of the date first written above:

**WHEREAS**, the Company is contemplating seeking relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") whereby the Company will file a voluntary petition seeking relief and commencing a case under the Bankruptcy Code (the "**Chapter 11 Case**");

**WHEREAS**, pursuant to Section 9.01 of the Company LLC Agreement, the Company shall not file or commence voluntarily a case under chapter 11 of title 11 of the United States Code unless the Initial Member determines to do so;

**WHEREAS**, Ruby Holding is the managing member of the Initial Member;

**WHEREAS**, pursuant to of section 7.2(f)(ii) of the Ruby Holding LLC Agreement, any declaration of bankruptcy or filing of a bankruptcy petition by any of Ruby Holding's subsidiaries requires approval by the Management Committee;

**WHEREAS**, pursuant to that certain Unanimous Written Consent of the Management Committee, dated as of March 18, 2022 (the "**Management Consent**"), the Management Committee (i) directed the Initial Member to approve and enter into the Company LLC Agreement; (ii) approved the Eleventh Amendment to the Ruby Holding LLC Agreement; (iii) directed the Initial Member to appoint the Board of Managers; (iv) directed the Initial Member to cause to be appointed a special committee of the Board of Managers (the "**Special Committee**") consisting of Vincent Intrieri, Alan Carr, and Patrick Bartels (each an "**Independent Manager**"); and (v) designated the Special Committee with full

and exclusive power and authority to (a) undertake, direct and oversee all actions necessary for the Company to prepare to commence voluntarily a Chapter 11 Case (all such preparatory actions taken together, the "**Filing Preparations**"); (b) engage and obtain advice from independent legal, financial, and other advisors that it deems necessary or advisable to undertake and assist with the Filing Preparations; and (c) review, investigate and analyze for the Company, without further consultation with the Initial Member, the Kinder Morgan Designee (as defined in the Company LLC Agreement), the Pembina Designee (as defined in the Company LLC Agreement), or any officer of the Company if so advised by independent counsel for the Special Committee, in respect of claims or causes of action (including derivative claims and causes of action) that the Company may assert, including in a Chapter 11 Case, against any of the members of the Company, affiliates of the members of the Company, the Company's or certain of the Company's affiliates' respective managers, management committee members, or officers (such claims and causes of action, collectively, the "**Conflict Matters**");

WHEREAS, pursuant to that certain Written Consent of the Initial Member, dated as of March 18, 2022, the Initial Member (i) approved the Company LLC Agreement; and (ii) elected and appointed the Board of Managers;

WHEREAS, pursuant to that certain Unanimous Written Consent of the Board of Managers, dated March 18, 2022 (the "**Board Consent**"), the Board of Managers (i) appointed certain officers of the Company; (ii) formed the Special Committee consisting of the Independent Managers; and (iii) delegated to the Special Committee the full and exclusive power and authority to (a) undertake, direct and oversee all Filing Preparations; (b) engage and obtain advice from independent legal, financial, and other advisors that it deems necessary or advisable to undertake and assist with the Filing Preparations; and (c) review, investigate and analyze for the Company the Conflict Matters;

WHEREAS, in the judgment of each of the Management Committee, the Initial Member and the Board of Managers, and upon the recommendation of the Special Committee and after careful consideration of all facts and circumstances regarding the Company's operational and financial affairs, and after consultation with the Company's financial, legal, and other advisors, including numerous discussions regarding the liabilities and liquidity situation of the Company, the short-term and long-term prospects of the Company, the restructuring and strategic alternatives available to the Company and the effect of the foregoing on the Company's business and operations, it is desirable and in the best interests of the Company that the Chapter 11 Case be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and that the Company undertake related actions;

WHEREAS, in the judgment of the Special Committee, it is desirable and in the best interests of the Company to, in connection with the Chapter 11 Case,

2

engage the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as bankruptcy counsel for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

**WHEREAS**, in the judgment of the Special Committee, it is desirable and in the best interests of the Company to, in connection with the Chapter 11 Case, engage the firm of Prime Clerk, LLC ("**Prime Clerk**"), as claims and noticing agent and administrative advisor for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

**WHEREAS**, in the judgment of the Special Committee, it is desirable and in the best interests of the Company to, in connection with the Chapter 11 Case, engage the firm of PJT Partners LP ("**PJT**"), as investment banker for the Company in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and

**WHEREAS**, each of the Management Committee, the Initial Member, and the Board of Managers believes that taking each of the applicable actions set forth below is advisable and in the best interests of the Company, its creditors, and other interested parties and, therefore, each of the Management Committee, the Initial Member, and the Board of Managers desires to approve the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that each of the Management Committee, the Initial Member, and the Board of Managers has determined, after due consultation with the Special Committee, members of the Company's management and financial, legal, and other advisors of the Company, that it is advisable and in the best interests of the Company, its creditors, and other interested parties, that the Company file, or cause to be filed, a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code to commence the Chapter 11 Case and any other order that may be desirable under applicable law; and it is further

**RESOLVED**, that the Management Committee hereby authorizes, empowers, and directs the Initial Member, and the Initial Member hereby authorizes, empowers, and directs the Company to, and the Initial Member hereby determines that the Company shall, (i) file or otherwise commence voluntarily a Chapter 11 Case and (ii) execute and verify or certify a petition under the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware at such time as the Initial Member shall determine; and it is further

**RESOLVED**, that, without limiting the Management Consent or the Board Consent, the Company, and each officer of the Company, and the Board of Managers (each an "**Authorized Person**") on behalf of and in the name of the Company, hereby is authorized and empowered to take all such steps and do all such acts and things as any such Authorized Person shall deem necessary or advisable to commence the Chapter 11 Case, including, but not limited to, making any and all other necessary filings with the Bankruptcy Court, and any other filings

3

that such Authorized Person determines to be necessary or advisable, making and executing any necessary or advisable instruments, certificates, affidavits, or other documents in connection therewith, signing or endorsing any checks, posting any bonds, and paying any fees and expenses in connection therewith, and taking any and all action to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolution, each such petition, application, certificate, document or other instrument, in such form and at such time as the Authorized Person executing the same shall determine; *provided*, *however*, that to the extent of any of the foregoing constitutes a Conflict Matter, the Special Committee shall have the sole power and authority to take, perform, and/or authorize any and all actions in connection with such Conflict Matter in accordance with the Board Consent; and it is further

**RESOLVED**, that the Company, and each Authorized Person on behalf of and in the name of the Company, hereby is authorized to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, and to take any and all actions that the Authorized Person deems necessary or appropriate, each in connection with the transactions contemplated by the foregoing resolutions; *provided*, *however*, that to the extent of any of the foregoing constitutes a Conflict Matter, the Special Committee shall have the sole power and authority to take, perform, and/or authorize any and all actions in connection with such Conflict Matter in accordance with the Board Consent; and it is further

**RESOLVED**, that the Company, and each Authorized Person on behalf of and in the name of the Company, hereby is authorized and empowered to retain: (a) RL&F, as bankruptcy counsel for the Company in the Chapter 11 Case; (b) Prime Clerk, as claims and noticing agent and administrative advisor for the Company; (c) PJT as investment banker to the Company in the Chapter 11 Case; and (d) such additional professionals, including, but not limited to, attorneys, accountants, consultants or brokers (professionals listed in (a)-(d), collectively, the "**Professionals**"), in each case as in such Authorized Person's judgment may be necessary or desirable in connection with the transactions contemplated by the foregoing resolutions, on such terms as such Authorized Person shall approve; and, in connection therewith, each Authorized Person hereby is authorized and directed, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers prior to and after the filing of the petition commencing the Chapter 11 Case, and cause to be filed an appropriate application for authority to retain the services of such Professionals; *provided*, *however*, that to the extent of any of the foregoing constitutes a Conflict Matter, the Special Committee shall have the sole power and authority to take, perform, and/or

4

authorize any and all actions in connection with such Conflict Matter in accordance with the Board Consent; and it is further

**RESOLVED** that each Authorized Person hereby is authorized, on behalf of and in the name the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such documents, and to take such other actions, as in the judgment of such Authorized Person shall be or become necessary, proper, and desirable to carry out the purpose and intent of each of the foregoing resolutions; *provided*, *however*, that to the extent of any of the foregoing constitutes a Conflict Matter, the Special Committee shall have the sole power and authority to take, perform, and/or authorize any and all actions in connection with such Conflict Matter in accordance with the Board Consent; and it is further

**RESOLVED**, that each Authorized Person hereby is authorized, on behalf of and in the name the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed and delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of such Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; *provided*, *however*, that to the extent of any of the foregoing constitutes a Conflict Matter, the Special Committee shall have the sole power and authority to take, perform, and/or authorize any and all actions in connection with such Conflict Matter in accordance with the Board Consent; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by each Authorized Person, or the Special Committee or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; *provided*, *however*, that to the extent of any of the foregoing constitutes a Conflict Matter, the Special Committee shall have the sole power and authority to take, perform, and/or authorize any and all actions in connection with such Conflict Matter in accordance with the Board Consent; and it is further

**RESOLVED**, that nothing contained herein shall extend any authority to any Authorized Person outside of the specific matters set forth herein.  For the sake of clarity, nothing contained in this written consent shall grant any authority to any Authorized Person to file a plan of reorganization or disclosure statement, or sell any assets of the Company or undertake any matters related thereto, which actions shall be determined by the Board of Managers or the Initial Member, as applicable, in accordance with the terms and conditions of the Company LLC Agreement; *provided*, *however*, that the foregoing in no way limits the Special Committee's sole power and authority to take, perform, and/or authorize any and all actions in connection with Conflict Matters in accordance with the Board Consent; and it is further

**RESOLVED**, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company by the Special Committee, any Authorized Person, or the Initial Member prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

*[Remainder of page intentionally left blank; signature page follows]*

6

**IN WITNESS WHEREOF**, the undersigned, being (i) the sole member of the Company, (ii) all of the members of the Board of Managers of the Company, and (iii) the Management Committee of Ruby Holding, have executed this written consent effective as of the date first set forth above.

**SOLE MEMBER OF COMPANY:**

**RUBY INVESTMENT COMPANY, L.L.C.**

_____

Name:  Will Brown

**BOARD OF MANAGERS OF COMPANY:**

_____

Name:  Will Brown

_____

Name:  Dave Dunlop

_____

Name:  Vincent Intrieri

_____

Name:  Alan Carr

_____

Name:  Patrick Bartels

**IN WITNESS WHEREOF**, the undersigned, being (i) the sole member of the Company, (ii) all of the members of the Board of Managers of the Company, and (iii) the Management Committee of Ruby Holding, have executed this written consent effective as of the date first set forth above.

**SOLE MEMBER OF COMPANY:**

**RUBY INVESTMENT COMPANY, L.L.C.**

_____

Name:  Will Brown

**BOARD OF MANAGERS OF COMPANY:**

_____

Name:  Will Brown

_____

Name:  Dave Dunlop

_____

Name:  Vincent Intrieri

_____

Name:  Alan Carr

_____

Name:  Patrick Bartels

**IN WITNESS WHEREOF**, the undersigned, being (i) the sole member of the Company, (ii) all of the members of the Board of Managers of the Company, and (iii) the Management Committee of Ruby Holding, have executed this written consent effective as of the date first set forth above.

**SOLE MEMBER OF COMPANY:**

**RUBY INVESTMENT COMPANY, L.L.C.**


Name:  Will Brown


**BOARD OF MANAGERS OF COMPANY:**


Name:  Will Brown


Name:  Dave Dunlop


Name:  Vincent Intrieri


Name:  Alan Carr


Name:  Patrick Bartels

**MANAGEMENT COMMITTEE OF RUBY PIPELINE HOLDING COMPANY, L.L.C.**


Name: Heather Christie-Burns


Name: Will Brown

**IN WITNESS WHEREOF**, the undersigned, being (i) the sole member of the Company, (ii) all of the members of the Board of Managers of the Company, and (iii) the Management Committee of Ruby Holding, have executed this written consent effective as of the date first set forth above.

**SOLE MEMBER OF COMPANY:**

**RUBY INVESTMENT COMPANY, L.L.C.**

_____
Name:  Will Brown

**BOARD OF MANAGERS OF COMPANY:**

_____
Name:  Will Brown

_____
Name:  Dave Dunlop

_____
Name:  Vincent Intrieri

_____
Name:  Alan Carr

_____
Name:  Patrick Bartels

**IN WITNESS WHEREOF**, the undersigned, being (i) the sole member of the Company, (ii) all of the members of the Board of Managers of the Company, and (iii) the Management Committee of Ruby Holding, have executed this written consent effective as of the date first set forth above.

**SOLE MEMBER OF COMPANY:**

**RUBY INVESTMENT COMPANY, L.L.C.**

_____
Name:  Will Brown

**BOARD OF MANAGERS OF COMPANY:**

_____
Name:  Will Brown

_____
Name:  Dave Dunlop

_____
Name:  Vincent Intrieri

_____
Name:  Alan Carr

_____
Name:  Patrick Bartels

**MANAGEMENT COMMITTEE OF RUBY
PIPELINE HOLDING COMPANY, L.L.C.**

_____

Name: Heather Christie-Burns

_____

Name: Will Brown

**MANAGEMENT COMMITTEE OF RUBY
PIPELINE HOLDING COMPANY, L.L.C.**

_____

Name: Heather Christie-Burns

_____

Name: Will Brown

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Ruby Pipeline, L.L.C., [1] | Case No. 22-[_____] ( ) |
| Debtor. | |

## LIST OF CREDITORS WHO HAVE THE
## TWENTY (20) LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor (the "**Debtor**") hereby certifies that the *List of Creditors Who Have the Twenty (20) Largest Unsecured Claims and Are Not Insiders* submitted herewith contains the names and addresses of the Debtor's top twenty (20) unsecured creditors (the "**Top Twenty List**"). The list has been prepared from the Debtor's unaudited books and records as of the Petition Date. The Top Twenty List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top Twenty List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty (20) largest unsecured claims. The information presented in the Top Twenty List shall not constitute an admission by, nor is it binding on, the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. The failure of the Debtor to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority, and/or amount of any such claim.

---

[1]     The last four digits of the Debtor's tax identification number are 2249. The main address of the Debtor is 1001 Louisiana Street, Houston, Texas 77002.

Debtor Name  <u>Ruby Pipeline, L.L.C.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
                                       (State)

Case number (*If known*):_____

Check if this is an amended filing

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the twenty (20) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the twenty (20) largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 6.00% Senior Notes Due April 2022 Wilmington Savings Fund Society, FSB 500 Delaware Avenue Wilmington, DE 19801 | Attention: Patrick J. Healy, SVP and Director Tel: 302-888-7420 Fax: 302-421-9137 E-mail: phealy@wsfsbank.com | Unsecured Notes | | | | $475,000,000 |
| 2 | The Klamath Tribes P.O. Box 436 Chiloquin, OR 97624 | The Klamath Tribes Attention: Tribal Counsel Chair & General Manager P.O. Box 436 501 Chiloquin Blvd. Chiloquin, OR 97624 | Unsecured Note | | | | $9,500,000 |
| 3 | Dresser-Rand Company West8 Tower, Suite 1000 10205 Westheimer Road Houston, TX 77042 | Attention: President or General Counsel Phone: 713-354-6100 Fax: 713-354-6110 Email: Northamerica-cashappssei.us@siemens.com | Trade | | | | $418,487.17 |
| 4 | Power Service P.O. Box 1089 Weatherford, TX 76086 | Attention: President or General Counsel Phone: 866-506-6572; 817-458-4306 Fax: 817-559-4893 | Trade | | | | $83,332.00 |
| 5 | CH2M Hill Engineers Inc. 3120 Highwoods Blvd Ste. 214 Raleigh NC 27604 | Attention: President or General Counsel Phone: 864-599-4600 Email: wwaldron@ch2m.com | Trade | | | | $80,597.25 |
| 6 | Sander Resources LLC 1011 San Jacinto, Suite 411 Austin, TX 78701 | Attention: President or General Counsel Phone: 512-300-0868 | Trade | | | | $25,000.00 |
| 7 | Nixon & Associates LLC 502 Saber Ct SE Leesburg, VA 20175 | Attention: Neil Nixon Phone: 703-771-9770 Fax: 703-443-1181 E-mail: neilnixon@nixonassoc.com | Trade | | | | $21,745.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | ABB Inc. 305 Gregson Drive Cary NC 27511 | Attention: Dale Schafer, International Sales Manager Phone: 310-324-4814; 713-821-8900 Fax: 310-324-5102 ; 860-298-7641 Email: dale.schafer@us.abb.com | Trade | | | | $9,225.00 |
| 9 | Farnsworth Group 2709 McGraw Dr Bloomington, IL 67104 | Attn: Joel Herrmann Phone: 314-962-7900 Email: jherrmann@F-W.com | Trade | | | | $2100.00 |
| 10 | Arcadis 630 Plaza Drive, Suite 200 Highlands Ranch, CO 80129 | Attn: Jeff Budzich Phone: 315-671-9510 Email: Jeffrey.Budzich@arcadis.com | Trade | | | | $2000.00 |
| 11 | D&B Professional Cleaning SVC PO Box 2578 Elko, NV 89803 -AND- D&B Professional Cleaning SVC 70 13th Street Elko, NV 89803 | Attention: President or General Counsel Phone: 775-777-9808 Email: db_professional@hotmail.com | Trade | | | | $900.00 |
| 12 | Elecsys International LLC 846 N. Mart-Way Court Olathe, KS 66061 -AND- Elecsys International LLC 18135 Burke Street Ste 100 Omaha, NE 68022 | Attention: President or General Counsel Phone: 913-647-0158 Email: accountsreceivable@elecsyscorp.com -AND- Attention: President or General Counsel Phone: 402-829-6827 Email: accountsreceivable@elecsyscorp.com | Trade | | | | $870.00 |
| 13 | Chevron Phillips Chemical Co 10001 Six Pines Dr. The Woodlands TX 77830 | Attention: President or General Counsel Phone: 918-661-6594, 832-813-77380 Fax: 918-661-5174 | Trade | | | | $663.43 |
| 14 | Rupp Waste Containers 7905 W 9600 N Tremonton, UT 84337 | Attention: President or General Counsel Phone: 435-257-7333 Email: cherri@rupptrucking.com | Trade | | | | $400.00 |
| 15 | Redi Services, LLC PO Box 310 Lyman, WY 82937 -AND- Redi Services, LLC 225 W. Owen Street Lyman, WY 82937 | Attention: President or General Counsel Phone: 307-787-6333 Email: caimone@rediservicesllc.com | Trade | | | | $100.00 |
| 16 | Law Offices of Patricia Williams Prewitt 2456 FM 112 Taylor, TX 76574 | | Trade | | | | $81.25 |
| 17 | Great Basin Restoration LLC 3100 East Twin Falls Twin Falls ID 83301 | Attention: President or General Counsel Phone: 208-420-3333 Email: lance@GREATBASINRESTORATION.com | Trade | | | | $.25 |

**Fill in this information to identify the case:**

Debtor name: __Ruby Pipeline, L.L.C.__

United States Bankruptcy Court  for the:  District of __Delaware__

(State)

Case number (*If known*): _____

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors                  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐   Schedule H: Codebtors (Official Form 206H)

☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐   Amended Schedule ____

☑   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __3/31/2022__          X __/s/ Will W. Brown_____
              MM / DD / YYYY              Signature of individual signing on behalf of debtor

                          __Will W. Brown_____
                          Printed name

                          __Vice President, Commercial_____
                          Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Ruby Pipeline, L.L.C.,[1] | Case No. 22-[____] ( ) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% of more of any class of equity interests in the above-captioned debtor.

| Debtor | Direct Owner(s) | Indirect Owner(s)[2] |
|---|---|---|
| Ruby Pipeline, L.L.C. | Ruby Investment Company, L.L.C. | Ruby Pipeline Holding Company, L.L.C. |
| | | Ruby Blocker LLC |
| | | Pembina U.S. Corporation |
| | | Veresen Energy Infrastructure No.2 Inc. |
| | | Pembina Pipeline Corporation |
| | | EP Ruby LLC |
| | | Kinder Morgan Energy Partners, L.P. |
| | | Kinder Morgan GP LLC |
| | | Kinder Morgan, Inc. |

---

[1]    The last four digits of the Debtor's tax identification number are 2249.  The main address of the Debtor is 1001 Louisiana Street, Houston, Texas 77002.

[2]    The entities listed below include entities that manage multiple direct or indirect owners who, in the aggregate, own 10% of more of any class of equity interests in the Debtor.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:   Ruby Pipeline, L.L.C.

United States Bankruptcy Court  for the:  District of  Delaware
(State)

Case number (*If known*):  _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐   Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐   Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐   Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐   Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐   Schedule H: Codebtors (Official Form 206H)
- ☐   Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐   Amended Schedule _____
- ☐   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑   Other document that requires a declaration  Statement of Corporate Ownership

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   3/31/2022
MM / DD / YYYY

X   /s/ Will W. Brown
Signature of individual signing on behalf of debtor

Will W. Brown
Printed name

Vice President, Commercial
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Ruby Pipeline, L.L.C.,[1] | Case No. 22-[_____] ( ) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDER(S)

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the above-captioned debtor hereby provides the following name and address of the holders of its limited liability company interests:

| Name and Address of Interest Holder | Percentage of Interests Held |
|---|---|
| Ruby Investment Company, L.L.C.<br>c/o Corporation Trust Company<br>1209 Orange Street<br>Wilmington, Delaware 19801 | 100% |

---

[1] The last four digits of the Debtor's tax identification number are 2249. The main address of the Debtor is 1001 Louisiana Street, Houston, Texas 77002.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name:   Ruby Pipeline, L.L.C.

United States Bankruptcy Court  for the:  District of  Delaware

(State)

Case number (*If known*):  _____

## Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors       12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐     Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐     Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐     Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐     Schedule H: Codebtors (Official Form 206H)

☐     Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐     Amended Schedule _____

☐     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑     Other document that requires a declaration  List of Equity Security Holder(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   3/31/2022            **X**   /s/ Will W. Brown

MM / DD / YYYY                            Signature of individual signing on behalf of debtor

Will W. Brown

Printed name

Vice President, Commercial

Position or relationship to debtor