## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| Ruby Pipeline, L.L.C.,[1] | Case No. 22-10278 (CTG) |
| Debtor. | |

### MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND
### FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN
### PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Ruby Pipeline, L.L.C., as debtor and debtor in possession (the "**Debtor**") in the above-captioned case, hereby files this motion (the "**Motion**") for entry of an interim order substantially in the form attached hereto as **Exhibit A** (the "**Interim Order**") and a final order substantially in the form attached hereto as **Exhibit B** (the "**Final Order**") granting the relief requested below. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Will W. Brown in Support of the Debtor's Petition and Requests for First Day Relief* (the "**First Day Declaration**"),[2] filed concurrently herewith. In further support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents as follows:

### RELIEF REQUESTED

1.      By this Motion, pursuant to sections 105(a), 363(b), 507(a)(8), 541, 1107(a), and 1108 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtor requests entry of an Interim and Final Order, substantially in the forms attached as **Exhibit A** and **Exhibit B**,

---

[1]      The last four digits of the Debtor's tax identification number are 2249. The main address of the Debtor is 1001 Louisiana Street, Houston, Texas 77002.

[2]      Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

(i) authorizing the Debtor, in its discretion, to pay prepetition sales and use taxes, ad valorem property taxes, business entity taxes and fees, licensing and regulatory fees, and all other similar obligations, including any related penalties and interest (collectively, the "**Prepetition Taxes and Fees**"), to various federal, state, and local authorities (collectively, the "**Authorities**") as such Prepetition Taxes and Fees come due in the ordinary course of business, in an amount not to exceed $100,000 on an interim basis and $4,000,000 on a final basis, including all Prepetition Taxes and Fees subsequently determined upon audit to be owed for periods prior to the Petition Date (as defined below), and (ii) granting certain related relief.  A schedule identifying the Authorities is attached as **Exhibit C** to this Motion.[3]

2.      The Debtor also requests that the Interim and Final Orders (a) authorize all applicable banks and other financial institutions (collectively, the "**Banks**"), when requested by the Debtor, to receive, process, honor, and pay any and all checks, drafts, credit card payments, processing fees, and other forms of payment, including fund transfers on account of the Prepetition Taxes and Fees (collectively, the "**Payments**"), whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments, and provide that any such Bank shall not have any liability to any party for relying on such direction by the Debtor; (b) authorize the Banks to rely on any directions and representations of the Debtor as to which Payments are subject to this Motion, and provide that any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtor; (c) authorize, but not direct, the Debtor to issue new postpetition

---

[3]      Although it is intended to be comprehensive, the possibility exists that the Debtor could have inadvertently omitted an Authority from **Exhibit C**.  By this Motion, the Debtor requests relief regarding all Prepetition Taxes and Fees payable to all Authorities, even if an Authority is not specifically identified on **Exhibit C**.

checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may be inadvertently dishonored or rejected; and (d) authorize, but not direct, the Debtor to continue in its ordinary course to make Payments and pay certain fees on account of the Prepetition Taxes and Fees.

3. In addition, the Debtor requests that the Court schedule a final hearing (the "**Final Hearing**") to consider the relief requested herein on a final basis by entering the Final Order.

4. For the reasons set forth herein, the Debtor submits that the relief requested is in the best interest of the Debtor, its estate, creditors, and other parties in interest, and therefore should be granted.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 Case (as defined below) and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409. Pursuant to the Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order or judgment with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

6. On March 31, 2022 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to

3

sections 1107(a) and 1108 of the Bankruptcy Code.  No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), nor has a trustee or examiner been appointed in this Chapter 11 Case.

7.      Additional factual background and information regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the commencement of this Chapter 11 Case, are set forth in detail in the First Day Declaration.

## I.      The Debtor's Taxes and Fees

8.      As a corporate entity, the Debtor incurs various tax liabilities and fees that in the past it has generally paid to the relevant Authority when due in the ordinary course of business. For federal and state income tax purposes, the Debtor is a disregarded entity and thus incurs no federal or state income tax liability.  A schedule identifying the Authorities is attached as **Exhibit C** to this Motion.  The Debtor's books and records reflect that, to the Debtor's knowledge, it has paid all Prepetition Taxes and Fees not otherwise subject to dispute that became due and payable prior to the Petition Date.  Certain Prepetition Taxes and Fees, however, will become due and payable in the ordinary course of business during the postpetition period.  Specifically, the Debtor estimates that approximately $4,000,000 in Prepetition Taxes and Fees will become due and payable following the Petition Date, of which approximately $100,000 will become due and payable before the final hearing on this Motion (the "**Interim Period**").[4]

---

[4]      In the ordinary course of business, the Debtor sometimes undergoes audits and reviews conducted by the various Authorities. Although the below estimates of outstanding taxes are based on a good-faith assessment of the existing amounts due or accruing on a prepetition basis, there is a possibility—because of audit rights—that one or more of the various Authorities may determine at a later date that the Debtor owes additional prepetition taxes. The Debtor requests authority to pay any undisputed amounts that are later determined to be due.

9.      The Debtor is subject to the following taxes and fees:

a.      Ad Valorem Taxes.  In the ordinary course, the Debtor incurs various state and local ad valorem taxes against the Debtor's real and personal property (collectively, "**Ad Valorem Taxes**").  The Debtor is required to pay Ad Valorem Taxes on an annual basis to avoid the imposition and/or enforcement of statutory liens and/or application of penalties and interest on its real or personal property.  In 2021, the Debtor paid over $17,000,000 on account of Ad Valorem Taxes.  Based on the prorated estimates of its periodic Ad Valorem Taxes, the Debtor estimates that, as of the Petition Date, the amount of accrued Ad Valorem Taxes is approximately $3,500,000.[5]

b.      Sale, Use, and Consumption Taxes.  In the ordinary course, the Debtor incurs sale, use, and consumption taxes when it purchases materials and services from a vendor that is not registered to collect sales taxes for the state where the property is delivered or the services are provided.  In this circumstance, vendors are not obligated to charge or remit sales taxes.  As purchasers, however, the Debtor must self-assess and pay the use taxes, when applicable, to the appropriate Authority. The Debtor estimates that as of the Petition Date, approximately $5,000 in sale, use, and consumption taxes have accrued and remain unpaid or are accruing for the prepetition period.

c.      State Franchise Taxes and Business, Environmental, and License Taxes and Fees. Many state and local Authorities require the payment of certain franchise taxes and business, environmental, regulatory, and license taxes and fees as a condition to the Debtor conducting business within the applicable jurisdiction. The Debtor typically remits these fees to the relevant Authorities on a monthly, quarterly, or ad hoc basis. In general, the Debtor pays the appropriate Authorities such fees as the Debtor deems reasonably appropriate for the operation of its business.  Additionally, the Debtor remits certain fees required to be paid pursuant to applicable laws and regulations where the Debtor operates.  The Debtor estimates that as of the Petition Date, approximately $495,000 in state franchise taxes and business, environmental, regulatory, and license taxes and fees have accrued and remain unpaid or are accruing for the prepetition period, approximately $100,000 of which is expected to come due during the Interim Period.

10.     In sum, the Debtor estimates that the total amount of Prepetition Taxes and Fees is approximately $4,000,000, of which $100,000 is expected to come due during the Interim Period.

---

[5]      Due to variations across jurisdictions of when the lien date for Ad Valorem Taxes occurs, the Debtor has estimated its prepetition Ad Valorem Taxes accruals for purposes of this Motion by aggregating unpaid tax liability for the 2022 taxable year and prorating that annual amount for the period January 1, 2022 through the Petition Date. For the avoidance of doubt, the Debtor requests authority to pay on Ad Valorem Taxes for the 2022 year in the ordinary course as and when they come due.

11.     By paying Prepetition Taxes and Fees on their normal due dates, the Debtor ultimately will preserve its estate resources and going-concern value.  If the Debtor does not make timely payments, it will have to spend time and money resolving a multitude of issues related to these obligations, including whether (i) the obligations are priority, secured, or unsecured; (ii) the obligations are proratable or fully prepetition or postpetition; and (iii) penalties, interest, attorneys' fees, and costs accrue on a postpetition basis, and if so, whether such penalties, interest, attorneys' fees, and costs are priority, secured, or unsecured.  The Debtor justifiably wants to avoid these unnecessary potential disputes.

### **BASIS FOR RELIEF**

**I.     Funds Related to Certain Prepetition Taxes and Fees May Be Held In Trust and Are Not Property of the Estate**

12.     Certain Prepetition Taxes and Fees the Debtor seeks authority to pay are collected or withheld by the Debtor and may be held in trust for the benefit of the applicable Authority. Accordingly, these taxes are not property of the Debtor's estate under section 541 of the Bankruptcy Code, and such funds are therefore not available for the satisfaction of creditors' claims.  *See, e.g., Begier v. IRS*, 496 U.S. 53 (1990) (withholding taxes are property held by debtor in trust for another and, as such, not property of the debtors' estates); *City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95 (3d Cir. 1994) (withheld taxes were subject to a trust); *Al Copeland Enters., Inc. v. Tex. (In re Al Copeland Enters.),* 991 F.2d 233, 235 (5th Cir. 1993) (debtors' prepetition collection of sales taxes and interest thereon were held subject to trust and not property of estate); *In re Am. Int'l Airways, Inc.*, 70 B.R. 102, 103 (Bankr. E.D. Pa. 1987) (excise and withholding taxes are "trust fund" taxes); *see generally Official Comm. of Unsecured Creditors of the Columbia Gas Transmission Corp. v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys. Inc.)*, 997 F.2d 1039, 1060 (3d Cir. 1993) (indicating that even if a statute does not establish an express

6

trust, a constructive trust may be found).  Instead, the Debtor may be obligated to remit such funds to the applicable Authority.

13.    Many federal, state, and local statutes also impose personal liability on officers and directors of companies for certain Prepetition Taxes and Fees such entities owe.  To the extent that the relevant Prepetition Taxes and Fees remain unpaid by the Debtor, the Debtor's officers may be subject to lawsuits or criminal prosecution during this Chapter 11 Case.  Any such lawsuit or criminal prosecution (and the ensuing potential liability) would distract the Debtor and its officers from devoting their full attention to the Debtor's business and the orderly administration of this Chapter 11 Case.  The Debtor believes that these distractions would materially and adversely affect their ability to operate in the ordinary course of business and to administer this Chapter 11 Case, with resulting detriment to all parties in interest.

## II.    Payment of the Prepetition Taxes and Fees Is Appropriate Under Sections 363(b) and 105(a) of the Bankruptcy Code and the Doctrine of Necessity

14.    To the extent that use of the property of the Debtor's estate is implicated here, the relief requested is appropriate under sections 363(b) and 105(a) of the Bankruptcy Code and the "doctrine of necessity."  Under section 363(b)(1) of the Bankruptcy Code, a debtor may, in the exercise of its sound business judgment and after notice and a hearing, "use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1); *see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.*), 973 F.2d 141, 143 (2d Cir. 1992) (holding that a court may approve an application under section 363(b) upon a showing of a good business reason for the disposition). For a court to approve the use, sale, or lease of estate property under section 363(b) of the Bankruptcy Code, the debtor must "articulate some business justification, other than mere appeasement of major creditors . . . ." *In re Ionosphere Clubs, Inc*., 98 B.R. 174, 175 (Bankr.

7

S.D.N.Y. 1989) (holding that the debtor's payment of prepetition claims was necessary to protect its business and to ensure successful reorganization).

15.     Likewise, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).   A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R. at 175.  Section 105 permits a court to authorize the "pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NYR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (*citing Ionosphere Clubs*, 98 B.R. at 177).

16.     The Debtor further submits that payment of the Prepetition Taxes and Fees is necessary and appropriate and within the Court's power to authorize under sections 363(b) and 105(a) of the Bankruptcy Code pursuant to the "doctrine of necessity."  In a chapter 11 case, the doctrine of necessity is a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of prepetition claims.  *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims when payment is essential to continued operation of the debtor, such as where there is a "possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re Penn Cent. Transp. Co.*, 467 F.2d 100, 102 n.1 (3d Cir. 1972) (holding that the doctrine of necessity "permit[s] immediate payment of claims of creditors where those creditors will not supply services or material essential to the conduct of the business until their pre-reorganization claims shall have been paid"); *In re Just for Feet, Inc.*, 242 B.R. 821, 824 (D. Del. 1999) (noting that section 105 and the doctrine of necessity provide courts with authority to permit payment of prepetition claims necessary to

8

facilitate a successful reorganization); *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (noting that debtors may pay prepetition claims that are essential to continued operation of business).  The rationale for the doctrine of necessity is consistent with the paramount goal of chapter 11—"facilitating the continued operation and rehabilitation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 176.

17.     The relief requested in this Motion represents a sound exercise of the Debtor's business judgment and is necessary for the preservation of the resources and going-concern value of its estate.  If the Debtor does not pay its Prepetition Taxes and Fees, the relevant Authorities may prevent the Debtor from conducting business in certain jurisdictions, subject the Debtor to audits, seek to lift the automatic stay, or seek to impose liens, all of which would disrupt the Debtor's operations and harm parties in interest.  Indeed, certain Authorities require the Debtor to obtain and then renew business licenses and pay corresponding business license fees and business operating taxes.  The Debtor cannot operate its business without these licenses, which require payment of associated fees and taxes.

18.     Moreover, to the extent that the Prepetition Taxes and Fees are secured by liens on the Debtor's property, interest and penalties may accrue postpetition. *See* 11 U.S.C. § 506(b); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 238-49 (1989) (holding that section 506(b) of the Bankruptcy Code entitles a creditor to receive postpetition interest on a nonconsensual oversecured claim allowed in a bankruptcy case).  By paying the Prepetition Taxes and Fees, the Debtor might actually reduce the amounts ultimately paid to the Authorities because prompt payment will avoid the imposition of liens and accrual of interest and penalties on account of the Prepetition Taxes and Fees.

19.     Payment of the Prepetition Taxes and Fees is also appropriate given that a significant portion of them, as discussed below, may be afforded priority status.  Moreover, the amounts paid will likely be offset by the amount of postpetition resources that the Debtor will not have to expend in disputes with the Authorities—complications that, in the context of this case, would needlessly waste the resources of the Debtor and this Court.

### III.     The Prepetition Taxes and Fees May Constitute Priority Claims Under Section 507(a)(8) of the Bankruptcy Code

20.     The Debtor believes that certain Prepetition Taxes and Fees may be entitled to priority status under section 507(a)(8) of the Bankruptcy Code and must be satisfied before any general unsecured claims against the Debtor's estate.  *See* 11 U.S.C. §§ 507(a)(8), 726.[6]  To the extent that the Prepetition Taxes and Fees are entitled to priority treatment under section 507(a)(8), the Authorities may also attempt to assess additional accrued fees, interest, and penalties.  *See* 11 U.S.C. § 507(a)(8)(G) (granting priority status to a "penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss").  Accordingly, payment of the Prepetition Taxes and Fees merely expedites the treatment these claims are entitled to and is consistent with the priority scheme of the Bankruptcy Code.  Further, it will spare the Debtor the cost of paying any additional accrued amounts to which the Authorities may be entitled.

---

[6]     Section 507(a)(8) of the Bankruptcy Code affords priority to, among other things, unsecured claims of governmental units for (i) taxes on or measured by income or gross receipts for a taxable year ending on or before the Petition Date (§ 507(a)(8)(A)); (ii) property taxes incurred before the Petition Date and last payable without penalty after one year before the Petition Date (§ 507(a)(8)(B)); (iii) taxes required to be collected or withheld and for which the debtor is liable in whatever capacity, (§ 507(a)(8)(C)); and (iv) under certain circumstances, employment taxes on wages, salaries, or commissions (§ 507(a)(8)(D)).

IV.    **The Debtor Should Be Authorized to Pay the Prepetition Taxes and Fees Under Sections 1107(a) and 1108 of the Bankruptcy Code**

21.    The Debtor is operating its business as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code, and it is therefore a fiduciary "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) its equity owners." *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). A chapter 11 debtor in possession has the implicit duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

22.    Courts have noted that a debtor in possession can, in certain instances, fulfill its fiduciary duty "only . . . by the preplan satisfaction of a prepetition claim." *Id.* The *CoServ* court specifically noted that preplan satisfaction of prepetition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.* The court provided a three-prong test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim.

*Id.* at 498.

23.    Payment of the Prepetition Taxes and Fees meets each *CoServ* element. First, it is critical that the Debtor deals with the Authorities because, as described above, the Authorities likely maintain secured or priority claims against the Debtor for the Prepetition Taxes and Fees. If it does not pay the Prepetition Taxes and Fees, the Debtor anticipates that the Authorities may act precipitously, instituting audits, bringing litigation, and creating numerous other administrative

11

issues, including, whether or not permissible under the Bankruptcy Code, revocation of the Debtor's licenses and other privileges.

24.     Second, failure to timely pay the Prepetition Taxes and Fees will economically disadvantage the Debtor because (i) the time and expense that the Debtor would need to devote to any audit or litigation instituted by an Authority over unpaid Prepetition Taxes and Fees would likely far outweigh any savings from the temporary non-payment of such Prepetition Taxes and Fees and (ii) interest and penalties will accrue on the Prepetition Taxes and Fees.  Accordingly, the potential harm and economic disadvantage that would stem from the failure to pay the Prepetition Taxes and Fees are disproportionate to the amount of any prepetition claim that may be paid.

25.     Finally, with respect to each Authority, the Debtor has considered other options short of paying the Prepetition Taxes and Fees and have determined that, to avoid expense and disruption of the Debtor's business operations, there exists no practical or legal alternative to paying the Prepetition Taxes and Fees.  Therefore, payment of the Prepetition Taxes and Fees is necessary for the Debtor to satisfy its fiduciary duty as a debtor in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

26.     Accordingly, for these reasons, and the supporting authority found in sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor submits that the relief requested is essential, appropriate, and in the best interests of its estate and should be granted.

V.     **The Court Should Authorize the Banks to Honor and Pay Checks Issued and Electronic Funds Transferred to Pay the Prepetition Taxes and Fees**

27.     The Debtor further requests that the Court authorize and direct its banking institutions and all other applicable banks and other financial institutions to receive, process, honor, and pay any and all checks drawn or electronic funds relating to the Prepetition Taxes and

12

Fees, whether such checks were presented before or after the Petition Date.  The Debtor has the ability to identify those checks or wire transfer requests that relate to an authorized payment of Prepetition Taxes and Fees.  As such, the Debtor believes that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently.  The Debtor also seeks authority to issue new postpetition checks or effect new electronic fund transfers on account of Prepetition Taxes and Fees to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected as a result of the commencement of the Debtor's Chapter 11 Case.

### **RESERVATION OF RIGHTS**

28.    The Debtor reserves all rights.  Without limiting the generality of the foregoing, nothing contained herein is or should be construed as:  (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any particular claim against the Debtor; (b) a waiver of the Debtor's or any third party's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Motion; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to subsequently dispute such claim.

13

**IMMEDIATE RELIEF IS NECESSARY**
**TO AVOID IMMEDIATE AND IRREPARABLE HARM**

29.     Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003. For all the reasons set forth herein, if the Debtor is not authorized to pay the Prepetition Taxes and Fees, immediate and irreparable harm might be caused to the Debtor's estate. Accordingly, the interim relief requested herein is consistent with Bankruptcy Rule 6003. Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

**WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)**

30.     To implement the foregoing successfully, the Debtor requests that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances, and waive the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As described above, and in the First Day Declaration, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify finding that the notice requirements under Bankruptcy Rule 6004(a) have been satisfied and to grant a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

**NOTICE**

31.     The Debtor has provided copies of this Motion to the following parties, or, in lieu thereof, their counsel: (i) the U.S. Trustee; (ii) the indenture trustee under the Debtor's prepetition

senior unsecured notes; (iii) the ad hoc group of holders of the Debtor's prepetition senior unsecured notes; (iv) the lenders under the Debtor's prepetition subordinated notes; (v) Kinder Morgan, Inc.; (vi) Pembina Pipeline Corporation; (vii) EP Ruby LLC; (viii) each of the Debtor's 20 largest unsecured creditors; (ix) the Internal Revenue Service; (x) the United States Attorney's Office for the District of Delaware; (xi) the state attorneys general for states in which the Debtor conducts business; (xii) the Department of Transportation; (xiii) the Federal Energy Regulatory Commission; (xiv) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtor conducts business; (xv) the Authorities; (xvi) any such other party entitled to notice pursuant to Local Rule 9013-1(m); and (xvii) any such other party entitled to receive notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## **NO PRIOR REQUEST**

32.     No previous request for the relief sought herein has been made by the Debtor to this Court or any other court.

15

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court grant the relief requested in this Motion, the Interim Order, the Final Order, and such other and further relief as is just and proper.

Dated: _____April 1_____, 2022
Wilmington, Delaware

/s/ Sheilah A. Jennings
**RICHARDS, LAYTON & FINGER, P.A.**
Kevin Gross (No. 209)
Daniel J. DeFranceschi (No. 2732)
John H. Knight (No. 3848)
Cory D. Kandestin (No. 5025)
Brett M. Haywood (No. 6166)
David T. Queroli (No. 6318)
J. Zachary Noble (No. 6689)
Sheilah A. Jennings (No. 6826)
Emily R. Mathews (No. 6866)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 651-7700
E-mail:       gross@rlf.com
              defranceschi@rlf.com
              knight@rlf.com
              kandestin@rlf.com
              haywood@rlf.com
              queroli@rlf.com
              noble@rlf.com
              sjennings@rlf.com
              mathews@rlf.com

*Proposed Counsel to the Debtor and Debtor-in-Possession*

## **EXHIBIT A**

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| Ruby Pipeline, L.L.C.,[1] | Case No. 22-10278  (CTG) |
| Debtor. | **Re:  Docket No.** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY CERTAIN**
**PREPETITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtor for entry of an interim order (this "**Interim Order**") (i) authorizing, but not directing, the Debtor to pay certain Prepetition Taxes and Fees and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the

---

[1]       The last four digits of the Debtor's tax identification number are 2249.  The main address of the Debtor is 1001 Louisiana Street, Houston, Texas 77002.

[2]       Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

"**Hearing**"); and upon consideration of the First Day Declaration and the record of the Hearing; and the Court having determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Debtor is authorized, but not directed, in its discretion and business judgment, to pay any and all Prepetition Taxes and Fees owed to the Authorities and related to periods prior to the Petition Date as they come due in the ordinary course of business in an aggregate amount not to exceed $100,000 on an interim basis.

3.      The Debtor's banks are authorized, when requested by the Debtor in its sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers on account of the Prepetition Taxes and Fees (collectively, the "**Payments**") whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments. Each of the Banks is authorized to rely on any directions and representations of the Debtor as to which Payments should be honored and paid in respect of the Prepetition Taxes and Fees pursuant to the Motion and this Interim Order, and any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtor as provided in this Interim Order. The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers

2

or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

4.       Nothing contained in the Motion or this Interim Order, nor any payment made pursuant to the authority granted by this Interim Order, is intended to be or shall be construed as (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, or other asserted right or obligation, or a waiver or other limitation on the Debtor's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Interim Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.  Without limiting the generality of the foregoing, nothing in the Motion or this Interim Order nor any payment of any Prepetition Taxes and Fees pursuant to this Interim Order shall be construed as impairing the Debtor's right to contest the validity, priority, or amount of any Prepetition Taxes or Fees and all of the Debtor's rights with respect thereto are hereby reserved.

5.       The requirements of Bankruptcy Rule 6003(b) are satisfied.

6.      Under the circumstances of this Chapter 11 Case, notice of the Motion is adequate under Bankruptcy Rule 6004(a).

7.      Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

8.      The deadline by which objections to entry of the Final Order on the Motion must be filed is _____, 2022 at _____ __.m. (Eastern Time).  The Final Hearing, if required, will be held on _____, 2022 at _____ __.m. (Eastern Time).

9.      This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Interim Order.

4

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Ruby Pipeline, L.L.C.,[1] | Case No. 22-10278 (CTG) |
| Debtor. | **Re: Docket No.** |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO PAY
CERTAIN PREPTITION TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtor for entry of a final order (this "**Final Order**"), (i) authorizing, but not directing, the Debtor to pay certain Prepetition Taxes and Fees and (ii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* for the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration and the record of the

---

[1]    The last four digits of the Debtor's tax identification number are 2249.  The main address of the Debtor is 1001 Louisiana Street, Houston, Texas 77002.

[2]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Hearing, if any, and all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth herein. Any objections or reservations of rights filed in respect of the Motion not otherwise withdrawn or resolved are overruled.

2. The Debtor is authorized, but not directed, in its discretion and business judgment, to pay any and all Prepetition Taxes and Fees owed to the Authorities and related to periods prior to the Petition Date as they come due in the ordinary course of business in an aggregate amount not to exceed $4,000,000 on a final basis.

3. The Banks are authorized, when requested by the Debtor in its sole discretion, to receive, process, honor, and pay any and all checks, drafts, and other forms of payment, including fund transfers on account of the Prepetition Taxes and Fees (collectively, the "**Payments**") whether such Payments were submitted before, on, or after the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such Payments. Each of the Banks is authorized to rely on any directions and representations of the Debtor as to which Payments should be honored and paid in respect of the Prepetition Taxes and Fees pursuant to the Motion and this Final Order, and any such Bank shall not have any liability to any party for relying on such directions or representations by the Debtor as provided in this Final Order. The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers or other new postpetition Payments to replace any checks, drafts, and other forms of payment, including fund transfers, which may have been inadvertently dishonored or rejected.

2

4.       Nothing contained in the Motion or this Final Order, nor any payment made pursuant to the authority granted by this Final Order, is intended to be or shall be construed as: (a) an admission as to the validity, extent, perfection, priority, allowability, or enforceability of any claim or any security interest which purportedly secures such claim, or other asserted right or obligation, or a waiver or other limitation on the Debtor's ability to contest the same on any ground permitted by bankruptcy or applicable non-bankruptcy law; (b) a waiver of the Debtor's or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a promise to pay any claim; (d) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code, and nothing herein otherwise affects the Debtor's rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Final Order; (f) granting third-party beneficiary status or bestowing any additional rights on any third party; or (g) being otherwise enforceable by any third party.   Without limiting the generality of the foregoing, nothing in the Motion or this Final Order nor any payment of any Prepetition Taxes and Fees pursuant to this Final Order shall be construed as impairing the Debtor's right to contest the validity, priority, or amount of any Prepetition Taxes and Fees and all of the Debtor's rights with respect thereto are hereby reserved.

5.       Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

6.       This Final Order is immediately effective and enforceable notwithstanding the provisions of Bankruptcy Rule 6004(h) or otherwise.

3

7.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Order.

# **EXHIBIT C**

## **Authorities**

| Taxing Authority | Taxes and Fees |
|---|---|
| Box Elder County<br>01 South Main Street<br>Brigham City, UT 84302-2548 | Ad Valorem Tax |
| Cache County<br>179 N Main St, Suite 201<br>Logan, UT 84321 | Ad Valorem Tax |
| Delaware Division of Revenue<br>820 N. French Street<br>Wilmington, DE 19801 | Franchise Tax |
| Department of Transportation<br>1200 New Jersey Ave, SE<br>Washington, DC 20590 | Fees |
| Elko County Treasurer<br>571 Idaho St Suite 101<br>Elko, NV 89801-3715 | Ad Valorem Tax |
| Federal Energy Regulatory Commission<br>888 First St NE<br>Washington, DC 20002 | Fees |
| Humboldt County Treasurer<br>50 W 5th St<br>Winnemucca, NV 89445 | Ad Valorem Tax |
| Klamath County, Oregon<br>PO Box 1127<br>Medford, OR 97501-0083 | Ad Valorem Tax |
| Lake County State Collector<br>513 Center St<br>Lakeview, OR 97630 | Ad Valorem Tax |
| Lincoln County Tax Department<br>925 Sage Ave., Suite 201<br>Kemmerer, WY 83101 | Ad Valorem Tax |
| Nevada Department of Environmental Protection<br>1 Richard Bryan Building<br>901 S Stewart St # 4001<br>Carson City, NV 89701 | Fees |

2

| | |
|---|---|
| Oregon Department of Revenue<br>Property Tax Division<br>955 Center St NE<br>PO Box 14380<br>Salem, OR 97309-5075<br><br>-and-<br><br>PO Box 14777<br>Salem, OR 97309-0960 | Ad Valorem Tax & Commercial Activity Tax |
| Oregon Department of Revenue<br>PO Box 14555<br>Salem, OR 97309-0940 | Partnership Filing Fee |
| Rich County<br>PO Box 186<br>Randolph, UT 84064 | Ad Valorem Tax |
| Uinta County Treasurer<br>PO Box 1530<br>Evanston, WY 82931-1530 | Ad Valorem Tax |
| Utah Division of Air Quality<br>195 N 1950 W<br>Salt Lake City, UT 84116 | Fees |
| Utah State Tax Commission<br>210 North 1950 W<br>Salt Lake City, UT 84134-3310 | Ad Valorem Tax, Sale and Use Tax |
| State of Nevada Department of Taxation<br>Centrally Assessed Properties<br>1550 College Pkwy Suite 115<br>Carson City, NV 89706-7937 | Ad Valorem, Consumer Tax |
| Wyoming Department of Revenue<br>Property Tax Division<br>122 W 25th St, Suite E301<br>Cheyenne, WY 82002-0110 | Ad Valorem, Franchise Tax, Sale and Use Tax |

3